BRYAN<br>v.<br>DAY.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## HALL & EMSWILER v THE CORPORATION OF BASTROP.

The Act of March 14th, 1852, p. 82, concerning the licensing of drinking houses, does not confer the power of seizing property, by summary process, to secure the payment of a license when granted. If a person has obtained such a license, without paying for it, the remedy to enforce payment, is by ordinary action.

APPEAL from the District Court of the parish of Morehouse, *Richardson,* J. *Newton & Hull,* for plaintiffs. *Parsons,* for defendants and appellants.

SPOFFORD, J. The plaintiffs enjoined the Tax Collector of the town of Bastrop from seizing and selling their property, under a claim of $500, alleged to be due as a license for keeping a retail grocery within the corporate limits.

The injunction was perpetuated by the District Judge, and the corporation has appealed.

If it were conceded that, under the Act of March 14th, 1852, p. 83, concerning the licensing of drinking houses, the corporate authorities of any town have the power to impose the payment of any sum they choose, as a condition precedent to the granting of a license, after a majority of voters have determined by ballot to license such houses, upon which point we express no opinion; still the grant of such a power could not carry with it the power of seizing property by summary process, to secure the payment of a license when granted. Nor do we find that the Act incorporating the town of Bastrop, or any amendment thereto, authorizes a claim for license money to be enforced by a seizure without suit or judgment.

If the plaintiffs have this license, and have not paid for it, the remedy of defendants (so far as we are advised) is by ordinary action; if, on the other hand, the plaintiffs were selling spirituous liquor, without a license, the laws relative to crimes and offences afforded an ample remedy.

Judgment affirmed.